IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CARLTON DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CV 119-068 |
| ) | |
| ANDREW M. SAUL, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant.  ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff appeals the decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**.

**I.    BACKGROUND**

Plaintiff applied for DIB and SSI in December 2015, alleging a disability onset date of December 2, 2015. Tr. ("R."), pp. 189-195, 196-205. Plaintiff satisfied the insured status requirements through December 31, 2015. R. 222. Plaintiff was fifty-one years old on his alleged disability onset date, and fifty-four years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration. R. 17. Plaintiff alleged disability based on the following conditions: congestive heart failure ("CHF"), chronic obstructive pulmonary disease ("COPD"), and high blood pressure. R. 225. Plaintiff completed high school, and prior to his

alleged disability date had accrued a work history as a tractor trailer/moving van driver helper. R. 16, 226.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 113-17, 118-22. Plaintiff requested a hearing before an ALJ, R. 135-36, and the ALJ held a hearing on March 14, 2018. R. 29-60. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Chaddrick Middleton, a Vocational Expert ("VE"). Id. On August 8, 2018, the ALJ issued an unfavorable decision. R. 7-18.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since December 2, 2015, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.).

2. The claimant has the following severe impairments: congestive heart failure (CHF), cardiomyopathy, chronic obstructive pulmonary disease (COPD), asthma and morbid obesity (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the Residual Functional Capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) [1],

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

       except the claimant is limited to standing/walking four hours. The undersigned also determines the claimant is unable to climb ladders, ropes, or scaffolds and is occasionally able to climb ramps/stairs, balance, stoop, kneel, crouch, or crawl. The undersigned further concludes the claimant is capable of occasional exposure to vibration and hazards such as unprotected heights and moving machinery; and that the claimant must avoid exposure to vibration, extreme heat, humidity, fumes, odors, dusts, gases, and poor ventilation. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from December 2, 2015, through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 12-18.

When the Appeals Council denied Plaintiff's request for review of the ALJ's decision, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to: (1) evaluate Plaintiff's subjective complaints by articulating whether she accepted the written statement of a nurse practitioner over the conflicting statements of Plaintiff and his daughter concerning Plaintiff's ability to walk long distances; (2) consider or assess Plaintiff's concentration, pace, and persistence limitations; (3) develop the record and order a consultative examination; and (4) rely on a complete hypothetical question to the VE. See doc. no. 10 ("Pl.'s Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 11 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233,

1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.  DISCUSSION

Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to: (1) evaluate Plaintiff's subjective complaints by articulating whether she accepted the written statement of a nurse practitioner over the conflicting statements of Plaintiff and his daughter concerning Plaintiff's ability to walk long distances; (2) consider or assess Plaintiff's concentration, pace, and persistence limitations; (3) develop the record and order a consultative examination; and (4) rely on a complete hypothetical question to the VE. See Pl.'s Br. The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See Comm'r's Br. As explained below, none of Plaintiff's arguments form a valid basis for reversal or remand.

### A.  Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into

5

three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

### B. The ALJ Properly Considered Plaintiff's Subjective Complaints

#### 1. The Standard for Evaluating Subjective Complaints

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of

6

disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)).  However, as explained *supra*, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance.  See SSR 96-5p; see also 20 C.F.R. §§ 404.1527(d) & 416.927(d).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).  Social Security Ruling 16-3p, clarifies:

> that subjective symptom evaluation is not an examination of an individual's character. . . .
>
> Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms.  We evaluate the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . .

SSR 16-3p, 2016 WL 1020935, at *14167 (orig. publ. Mar. 16, 2016).

Moreover, this Court is required to uphold the Commissioner's determination regarding subjective complaints if it is supported by substantial evidence.  Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[2]  As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.  The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer, 395 F.3d at 1210-11 (internal quotation marks and citations omitted).

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

7

### 2. The ALJ Did Not Err in Assessing Plaintiff's Testimony Concerning the Extent of His Symptoms and Resulting Impact on His Ability to Work

Plaintiff avers his long history of asthma and more recent congestive heart failure and COPD cause wheezing, chest pain, daily shortness of breath, and frequent headaches, to a degree Plaintiff cannot walk any distance without shortness of breath and, on particularly bad days, he cannot work or even get out of bed. R. 14-15. The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his cardiopulmonary condition were not entirely consistent with the record evidence. R. 15. Plaintiff takes issue with the ALJ's reference to a nurse's note that Plaintiff could walk up to three miles to his daughter's house, pointing out the ALJ's failure to mention the hearing testimony of Plaintiff and his daughter directly refuting this nurse's note and claiming Plaintiff cannot even walk to the mailbox without becoming short of breath. Pl.'s Br., pp. 9-10.

The ALJ's recitation of the nurse's note is an implicit rejection of the hearing testimony. More importantly, even without the nurse's note, substantial evidence supports the ALJ's rejection of Plaintiff's testimony concerning the intensity and limiting effects of his cardiopulmonary condition and her finding Plaintiff can engage in light work. Indeed, in support of her findings, the ALJ cited (1) Plaintiff's own description of his daily activities and limitations; (2) the near absence of severe cardiopulmonary symptoms in the medical record; (3) multiple medical findings of good cardiopulmonary health during the period of 2015 to 2017, including findings of normal strength, clear lungs, unlabored respirations, stable COPD, and normal pulmonary effort; and (4) the findings of two state agency physicians, both of whom determined Plaintiff's cardiopulmonary condition did not prevent him from performing light work with limitations nearly identical to those adopted by the ALJ. R. 14-16.

With respect to the fourth point, Dr. Patricia Schiff, MD, reviewed the medical evidence and concluded Plaintiff could perform light work with limitations of occasionally lifting and carrying up to 20 pounds; standing, walking, or sitting up to 6 hours each in an 8-hour workday; never climbing ladders, ropes, or scaffolds; and occasionally climbing ramps/stairs, balancing, stooping, kneeling, crouching or crawling. R. 69. Based on her review of the medical record, Dr. Schiff determined the evidence did not document limitations as severe as alleged by Plaintiff. R. 68. Dr. Carol Kossman, MD, likewise reviewed the medical records and affirmed Dr. Schiff's findings. R. 97-98.

### C. The ALJ Properly Considered Plaintiff's Concentration, Pace, and Persistence Limitations

Plaintiff argues the ALJ failed to consider or assess Plaintiff's concentration, pace, and persistence limitations as limited by his alleged headaches, chronic blurry vision, and fatigue. Pl.'s Br., p. 11. Plaintiff bears the burden of proving he has limitations stemming from his mental impairments. Santos v. Soc. Sec. Admin., Comm'r, 731 F. App'x 848, 853 (11th Cir. 2018) (*per curiam*) (citations omitted). However, Plaintiff offers no evidence as to how the above listed conditions affect his concentration, pace, and persistence. Contrary to Plaintiff's arguments, substantial evidence supports the ALJ's findings at step four regarding Plaintiff's mental limitations.

Plaintiff did not list any mental conditions in his application for disability nor did he raise any mental limitations as an issue at his administrative hearing before the ALJ in March of 2018. R. 29-60. Nevertheless, Plaintiff now urges the Court to remand the case to the ALJ for consideration of his alleged problems with concentration, persistence, or pace. Pl.'s Br., pp. 11-12. As demonstrated by the ALJ, the objective findings do not demonstrate any mental limitations or problems with Plaintiff's concentration, persistence, or pace. At his

administrative hearing, Plaintiff indicated he could read and write without any mention of concentration or pace limitations. R. 39. As noted by the ALJ, Plaintiff did not assert he is unable to comprehend, remember, concentrate, or interact with others. R. 15. Furthermore, Plaintiff completed a function form in early 2016 answering several questions regarding his ability to perform activities in general. R. 251-258. Plaintiff's comments throughout the form indicate he is able to count change, handle a savings account, use a check or money order, talk with others, watch television, get along with others, pay attention for a while, finish what he starts, and follow instructions. R. 15, 254-56.

Plaintiff cites to no evidence of record undermining the ALJ's RFC conclusion. Instead, Plaintiff cites Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1181 (11th Cir. 2011), where the Eleventh Circuit held a claimant's moderate limitations in concentration, persistence, and pace must be explicitly included in the hypothetical question posed to the VE where it has not otherwise been adequately accounted for in some way. Winschel is inapposite. Unlike the claimant is Winschel, Plaintiff does not have moderate mental limitations, specifically in the area of concentration, persistence and pace. In fact, the objective medical evidence does not demonstrate any mental limitations or problems with concentration, persistence, or pace. For example, on March 3, May 4, and April 21, 2016, Plaintiff's medical records indicated normal psychiatric findings. R. 680, 750, 753. On May 4, 2016, Nurse Burt, also noted normal cognition and memory. R. 753. On July 27, 2016, Dr. Darshak H. Karia, MD, indicated similar findings. R. 761.

Therefore, contrary to Plaintiff's argument, the ALJ was not required to include Plaintiff's alleged mental limitations, specifically in the area of concentration, persistence and pace, in his RFC because "specific functional limitations stemming from mental impairments are only required to be incorporated into an RFC when the evidence of record supports such a

10

finding." McGuire v. Berryhill, No. 5:17-CV-70, 2018 WL 4126571, at *7 (S.D. Ga. Aug. 29, 2018), adopted by McGuire v. Berryhill, No. 5:17-CV-70, 2018 WL 4688728 (S.D. Ga. Sept. 28, 2018).

Accordingly, the ALJ properly considered Plaintiff's alleged concentration, pace, and persistence limitations.

### D. The ALJ Satisfied Her Basic Obligation to Develop a Full and Fair Record

Plaintiff argues the ALJ erred by not ordering a consultative examination because the medical information in the record was essentially inconclusive and the "RFC findings by the ALJ are cursory and limited." Pl.'s Br., p. 13. According to Plaintiff, many of the symptoms and complaints Plaintiff experienced were not properly addressed or included in the RFC assessment. Id.

A claimant has the burden of proving his disability and is responsible for providing evidence in support of his claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Nevertheless, "because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." Larry v. Comm'r of Soc. Sec., 506 F. App'x 967, 969 (11th Cir. 2013) (citing Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). In fulfilling her duty to conduct a full and fair inquiry, the ALJ is not required to obtain additional information by ordering a consultative examination unless the record establishes that such an examination is necessary to enable an ALJ to render an informed decision. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1269 (11th Cir. 2007); Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999); Holladay v. Bowen, 848 F.2d 1206, 1210 (11th Cir. 1988). The regulations also provide the ALJ may order a consultative examination when warranted. See 20 C.F.R. §§ 404.1517 & 416.917. "It is reversible error

11

for an ALJ not to order a consultative examination when such an evaluation is necessary for h[er] to make an informed decision." Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citation omitted).

Plaintiff points to nothing suggesting he ever alleged during the administrative proceedings additional medical evidence was necessary or requested, or that the record was incomplete. Nor did counsel request at the conclusion of the hearing the record be held open for additional information. In addition, the ALJ did not have an elevated duty to develop the record because Plaintiff was represented by counsel throughout the proceedings. Berding v. Colvin, No. 8:16-CV-596-T-MCR, 2016 WL 7367874, at *3 (M.D. Fla. Dec. 20, 2016).

The ALJ did not make her disability determination on an inconclusive medical record. Instead, "[t]he ALJ thoroughly evaluated the evidence from the treating and examining sources, and the record was adequate to support her RFC determination without a physical consultative examination." Comm'r's Br., p. 10. Indeed, the record contained treatment notes from University Hospital and University Clinic, chronicling Plaintiff's physical health. As reviewed by the ALJ, Plaintiff's COPD was described as stable in December 2017, "and his follow-up examinations often indicated normal pulmonary effort, normal ranges of musculoskeletal motions, normal heart sounds, normal strength, and normal psychiatric functions. No signs of edema, wheezes, respiratory distress, joint swelling, or rales were detected." R. 16. These records memorialize, *inter alia*, Plaintiff was able to function after the alleged onset date and his medical conditions improved with treatment modalities.

Importantly, the ALJ also had in the record the opinion of two state agency reviewers, Drs. Schiff and Kossman, who opined Plaintiff was not disabled and could engage in light work. R. 67-70, 97-98. Social Security Ruling ("SSR") 96-6p provides that findings of fact made by state agency medical and psychological consultants regarding the nature and

severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996).

In sum, the ALJ was not left to speculate about Plaintiff's condition, and there was sufficient information in the record for the ALJ to make an informed decision based on competent medical evidence. See Ingram, 496 F.3d at 1269 (recognizing ALJ not required to seek additional medical information so long as record contains sufficient information to make an informed decision on a claimant's application).

### E. The ALJ Gave A Complete Hypothetical Question To the VE

The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985); see also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.") (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence. Crawford, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.")

The ALJ conducted a thorough review of the record in formulating the RFC, including Plaintiff's activities of daily living, objective medical evidence, and medical opinions. R. 14-16. Plaintiff contends the hypothetical question posed to the VE is incomplete because "the limitations in hypothetical 1 were inadequate, not adjusted to the evidence, and did not properly

include, all of Plaintiff's impairments as well as the limitations associated with his established impairments." Pl.'s Br., p. 15. In essence, Plaintiff argues the hypothetical was incorrect because it did not encompass all cardiopulmonary limitations alleged by Plaintiff. As explained *supra*, however, the ALJ cited substantial evidence in support of her finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his congestive heart failure, asthma, and COPD were not entirely consistent with the record evidence. R. 15.

Plaintiff argues the ALJ should have included within her RFC a limitation that Plaintiff would be off task more than 15% of the work day, which the VE testified at the hearing would render Plaintiff completely disabled. Pl.'s Br., p. 15. The ALJ was not required to make such a finding. As detailed in Part III(C), there is no indication Plaintiff has any limitations pertaining to his concentration, pace, and persistence. Plaintiff never offered any evidence of being off task aside from his general assertions of severe limitations caused by his cardiopulmonary health, which the ALJ rejected. Indeed, while Plaintiff testified there are "days each month" when he could not even leave the house for a job, he never specified the number of days, and the ALJ rejected any notion of such severity. R. 42.

In sum, because the hypothetical presented to the VE, upon which the ALJ relied to find Plaintiff was not disabled, accurately and comprehensively reflected Plaintiff's characteristics as determined by the ALJ in formulating the RFC, the ALJ's reliance on the VE testimony was proper. McSwain, 814 F.2d at 619-20; Pendley, 767 F.2d at 1562-63.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final

judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 18th day of June, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA